## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WAYMAN D. THOMAS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:18-CV-24-TLS |
| | ) | |
| ALLEN VAMPELT, SR., and ALLEN VAMPELT, JR., | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case began when Plaintiff Wayman D. Thomas, Jr., a prisoner proceeding pro se, filed a Complaint [ECF No. 1] that did not properly allege that this Court had jurisdiction over the claims presented. Thomas was granted leave to amend, and has now filed an Amended Complaint [ECF No. 4]. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, a court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Further, federal courts are duty bound to police their own jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal courts are courts of limited jurisdiction, *see Johnson v. U.S. Office of Personnel Management*, 783 F.3d 655, 660 (7th Cir. 2015), and the Plaintiff has the burden to establish subject matter jurisdiction. *See Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). In civil

actions, federal district courts most commonly exercise federal question jurisdiction or diversity jurisdiction over cases or controversies. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").

The Plaintiff alleges that the Defendants stole his personal property and threatened him. The Plaintiff describes the Defendants as personal acquaintances who own a car dealership. The Defendants are not government employees, and the Plaintiff has not alleged that the Defendants acted under color of State law when they took his property or threatened him. This is a requirement to proceed under 42 U.S.C. § 1983. The Plaintiff has not identified another federal statute or theory that establishes federal question jurisdiction under these facts. As such, the Court does not have federal question jurisdiction over this case.

Additionally, there are not allegations concerning the citizenship of either the Plaintiff or the Defendants in the Amended Complaint—although it appears that all parties are citizens of Indiana—and as such the Court cannot continue under diversity of citizenship jurisdiction. Therefore, the Court lacks jurisdiction over the Plaintiff's claims, and this case must be dismissed. The case will be dismissed without prejudice so the Plaintiff may pursue these claims in Indiana state court.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on August 14, 2018.

        <u>s/ Theresa L. Springmann</u>
        CHIEF JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT
        FORT WAYNE DIVISION